UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80039-ROSENBERG/REINHART

JAQUELINE KEABLE,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION TO AMEND

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand [DE 5] and Plaintiff's Motion to Amend [DE 10]. Plaintiff's Motion to Remand has been fully briefed. Defendant filed a response to Plaintiff's Motion to Amend. Plaintiff did not file a reply in support of her Motion to Amend. For the reasons set forth below, both motions are denied.

1. Plaintiff argues that this case should be remanded to state court because the parties in the state court complaint, at the time of removal, were not diverse. DE 5.

2. Plaintiff's argument, however, is premised upon a *proposed* amended complaint in state court that would have facially eliminated diversity jurisdiction. DE 1-5. That proposed complaint, which was attached to a motion to amend, was neither ruled upon nor accepted by the state court. This case was removed to federal court prior to any ruling by the state court on the motion to amend.

3. The operative complaint in state court was therefore limited to the diverse parties presently before this Court. Accordingly, federal diversity jurisdiction existed at the time of removal and Plaintiff's motion to remand is denied as to this issue.[1]

---

[1] In support of her argument, Plaintiff cites to cases that have no bearing on the issue before the Court. For example, Plaintiff cites to *Torres v. Chevron U.S.A., Inc.*, 2004 WL 2348274 (N.D. Cal. 2004), but cases such as *Torres* stand for the unremarkable proposition that when a proposed amended complaint in state court would *confer* federal diversity jurisdiction, a removing party must wait on the ruling for the proposed amended complaint before removal. Here, the *original* complaint in state court was removable—the Defendant did not need to wait upon any ruling by the state court to remove the case.

4. Plaintiff makes one other argument in favor of remand. Plaintiff argues that this case should be remanded to state court because the notice of removal was not timely filed. DE 5.

5. 28 U.S.C. § 1446 requires a removal petition to be filed within thirty days after a diverse defendant receives "a paper" from the plaintiff confirming that the amount in controversy exceeds the federal court $75,000 jurisdictional threshold.

6. The amount in controversy in this case was not facially apparent from Plaintiff's initial complaint in state court. DE 1-10. As a result, Defendant propounded discovery on this precise issue. DE 1-7. On January 11, 2018, Plaintiff responded to the discovery and made it clear, at that time, that the $75,000 jurisdictional requirement was met in this case. Defendant removed this case one day later on January 12, 2018. Defendant's removal was therefore timely. Plaintiff's Motion to Remand is denied for all of the reasons set forth above.

7. Plaintiff also requests leave to amend. Plaintiff seeks to add as a defendant a manager of the store (Mr. Ethan Moll) in which she slipped and fell. That manager is a Florida citizen and would, if added to this case, remove the diversity jurisdiction of this Court.

8. Under Florida law an officer or employee of a company may be personally liable for a tort, even if that employee was operating within the scope of his or her employment, if the employee's acts were due to *personal* fault. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005).

9. Defendant argues that that Plaintiff's proposed addition of Mr. Moll is an attempt to fraudulently join a party so as to defeat the diversity jurisdiction of this Court.

10. A joinder of a party may be deemed fraudulent when there is no possibility that a plaintiff can prove a cause of action against a non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

11. Defendant attempts to meet its burden of showing Plaintiff cannot possibly prove her claims against Mr. Moll by providing an affidavit of Mr. Moll that attests, *inter alia*, that he (1) did not work as a maintenance technician at the store or as a janitor, (2) that he was not assigned to upkeep, safeguard, or repair the floors of the store, (3) he did not select the floor surface or tile surface of the floor upon which Plaintiff fell, (4) he did not apply the wax or finish to the floor, (5) he was not assigned to supervise the area of the store in which Plaintiff fell, and (6) he did not hear or learn of anything negative about the floor on which Plaintiff fell on the day of her accident. DE 17-3. *See Pacheco v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (the Court may consider affidavits to determine whether a defendant was fraudulently joined).

12. Plaintiff has not filed a counter-affidavit. Although questions of fact are generally resolved in favor of a plaintiff in these circumstances, *undisputed* facts raised in a defendant's affidavit are not resolved in favor of a plaintiff. *See Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005).

13. "When a plaintiff seeks to join a party that would destroy diversity jurisdiction after removal, the analysis begins with 28 U.S.C. 1447(e) rather than the liberal amendment standards of Fed. R. Civ. P. 15." *Wade v. Dolgencorp, LLC*, 2009 U.S. Dist. LEXIS 108908 (M.D. Fla. 2009) (citing *Ingram v. CSX Transp., Inc.*, 146 F.3d 858 (11th Cir. 1998)). A post removal motion requesting joinder of a party to the lawsuit should be closely scrutinized by the Court. *Access Pictures, LLC v. Sony Pictures Home Entm't, Inc.*, 2017 U.S. Dist. LEXIS 24826 (S.D. Fla. 2017).

14. In considering whether to permit an amendment post-removal that would destroy diversity jurisdiction, the Court must consider the extent to which the purpose of the amendment is to defeat diversity jurisdiction. *Scipione v. Advance Stores Co.*, 2012 U.S. Dist. LEXIS 111448 (M.D. Fla. 2012). Courts may also consider the doctrine of fraudulent joinder in any motion to amend. *Access Pictures*.

15. In response to the foregoing, Plaintiff is silent. Plaintiff did not file a reply to the authority cited above and discussed in Defendant's response. The Court finds, pursuant to Defendant's affidavit and Plaintiff's failure to file a counter-affidavit, that the purpose of Plaintiff's proposed amendment is to defeat diversity jurisdiction and that Plaintiff's proposed joinder is a fraudulent joinder. Plaintiff's Motion for Leave to Amend is therefore denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 5] and Plaintiff's Motion to Amend [DE 10] are both **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 8th day of June, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record